IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DUKE UNIVERSITY AND DUKE )
UNIVERSITY HEALTH SYSTEM, )
INC., )
   Plaintiffs, )
 )
 v. )   1:08CV591
 )
MASSEY ENERGY CO., )
et al., )
   Defendants. )

### ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

 This matter comes before the Court on the motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) filed by Defendant Massey Energy Company (Defendant Massey Energy). (Docket No. 10.) This motion has been fully briefed, and the Court heard oral argument on November 30, 2009. For the reasons stated herein, the Court concludes that the motion to dismiss should be denied. The Court also determines, for reasons set out below, that Defendants' Rule 12(b)(6) motion to dismiss (Docket No. 12) should be deferred for determination pursuant to Rules 12(a)(4)(A) and (i).

 Plaintiffs allege that they entered into a contract with Defendants for Defendants to provide coal to Plaintiffs during 2008 and 2009 and that Defendants breached that contract by refusing to supply coal beginning in July 2008. (Docket No. 9 ¶ 1.) Defendant Massey

Energy argues that Plaintiffs negotiated only with Massey Coal and that this Court lacks personal jurisdiction over Defendant Massey Energy. (Docket No. 11 at 2-4.)

In opposing a motion under Rule 12(b)(2) which is made on motion papers – including affidavits, legal memoranda, and the complaint – the plaintiff bears the burden of making a *prima facie* showing of personal jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). In determining whether a *prima facie* showing has been made, the court construes all relevant pleading allegations in the light most favorable to the plaintiff, assumes credibility, and draws the most favorable inferences in favor of jurisdiction. *Id*.

This Court must first consider whether the North Carolina long-arm statute, N.C. Gen. Stat. § 1-75.4, authorizes the exercise of jurisdiction over Defendant Massey Energy. *See Mylan Labs. Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). Plaintiff has made a *prima facie* showing that the statute authorizes the exercise of jurisdiction over Defendant Massey Energy because the action arises out of a promise it made to deliver within North Carolina, goods or other things of value. N.C. Gen. Stat. § 1-75.4(5)(c). The factors, among others, which convince the Court of this showing, and particularly of Defendant Massey Energy's involvement in any agreement to sell coal to Plaintiffs, are: (1) the deposition testimony (in a separate case) of Baxter Phillips, executive vice president and chief administrative officer of Defendant Massey Energy, that coal salesmen of Massey subsidiaries must obtain approval of upper management of Defendant Massey Energy before entering into a binding coal sales contract (Docket No. 21, Ex. 4); October 4, 2007 email from Gary Smith, vice president of

Massey Industrial Coal Sales, to Duke representative stating that Smith needs to "resubmit the request confirming price to our Chairman" for coal to be supplied to Duke (*Id.*, Ex. 2); testimony of Don Blankenship, Chairman of Defendant Massey Energy, (in a separate case) agreeing that he is the person who "ultimately makes the decision as to whether or not Massey or any Massey entities enter into coal contracts" (*Id.*, Ex. 5); and the September 10, 2008 letter from M. Shane Harvey, vice president and general counsel of Defendant Massey Energy, proposing to resolve issues on supplying coal to Duke (*Id.*, Ex. 10). *See Collector Cars of Nags Head, Inc. v. G.C.S. Elecs.*, 82 N.C. App. 579, 347 S.E.2d 74 (1986).

The next inquiry is whether the exercise of personal jurisdiction comports with the requirements of the Due Process Clause. *See Mylan Labs.*, 2 F.3d at 60. The touchstone of this minimum contacts analysis is whether Defendant Massey Energy has engaged in some activity purposefully directed toward North Carolina. *See Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945 (4th Cir. 1994). Based on the same factors identified above, Plaintiffs have established that Defendant Massey Energy purposefully availed itself of the privilege of conducting activities in North Carolina, the cause of action arises from Defendant's activities purposefully directed at North Carolina, and the exercise of jurisdiction would be constitutionally reasonable. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (citing these factors to consider). Accordingly, this Court's exercise of jurisdiction over Defendant Massey Energy is consistent with the requirements of the Due Process Clause. *See id.*; *Collector Cars*, 347 S.E.2d 74.

For the foregoing reasons, **IT IS RECOMMENDED** that the Rule 12(b)(2) motion to dismiss filed by Defendant Massey Energy Company (Docket No. 10) be denied.

Turning to Defendants' Rule 12(b)(6) motion to dismiss, the Court determines in its discretion and in the interest of judicial management that ruling on the pending motion to dismiss filed by Defendants (Docket No. 12) should be deferred and postponed until the time of trial or a ruling on any motion for summary judgment filed by Defendant, whichever first occurs. *See* Fed. R. Civ. P. 12(a)(4)(A) and 12(i); LR56.1(a) and (b). All arguments for judgment now appearing in the motion to dismiss should be folded into any summary judgment motion and brief. Defendants shall file answer by December 22, 2009. **IT IS SO ORDERED.**

The Court notes that Plaintiffs' motion to proceed with discovery (Docket No. 35) should now be terminated by the Clerk as moot in view of the initial pretrial order of November 20, 2009.

/s/ P. Trevor Sharp<br>
United States Magistrate Judge

Date: December 9, 2009

-4-

Case 1:08-cv-00591-TDS-PTS   Document 43   Filed 12/09/09   Page 4 of 4